UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RAUL TORRES | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:05-CV-711 RM |
| | ) | (Arising from 3:02-CR-108(02)RM) |
| UNITED STATES OF AMERICA | ) | |
| RAUL TORRES | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:05-CV-712 RM |
| | ) | (Arising from 3:02-CR-132(01)RM) |
| UNITED STATES OF AMERICA | ) | |

OPINION AND ORDER

On December 6, 2002, four days before his trial was to begin, Raul Torres pleaded guilty to a charge of possession with intent to distribute cocaine, 21 U.S.C. § 841(a), and to an information charging use of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c). As part of the plea agreement, the government agreed to seek dismissal of an original, more serious charge under 18 U.S.C. 924(c), and Mr. Torres waived his right to appeal or to petition any court under 28 U.S.C. § 2255. On February 19, 2003, the day his sentencing was scheduled to occur, Mr. Torres filed a motion to withdraw his guilty plea. In orders entered on April 24, 2003 and January 2, 2004, the court denied Mr. Torres's motion.

On March 16, 2004, the court sentenced Mr. Torres to 188 months' imprisonment on the cocaine charge (cause number 3:02cr108), and to a consecutive 60-month sentence on the firearm charge (cause number 3:02cr132).

The court found that Mr. Torres's motion to withdraw his guilty plea was inconsistent with acceptance of responsibility, and that the affidavit Mr. Torres filed in support of his motion to withdraw the guilty plea constituted obstruction of justice for sentencing guidelines purposes.

Mr. Torres filed a notice of appeal from the court's denial of his motion to withdraw his guilty plea, but then moved to dismiss his appeal in May 2005. On October 31, 2005, despite the waiver found in his plea agreement, Mr. Torres filed these petitions pursuant to 28 U.S.C. § 2255 to vacate his sentence.

A plea agreement is not only a contract, it is also a stage in a criminal proceeding. United States v. Cook 406 F.3d 485, 487 (7th Cir. 2005). A plea agreement that contains a waiver of the right to file a petition under §2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d at 487; United States v. Whitlow, 287 F.3d 638, 640 (7th Cir. 2002), or when a defendant claims the waiver was involuntary or that counsel was ineffective in negotiating the agreement. Mason v. United States., 211 F.3d 1065, 1069 (7th Cir. 2000); Jones v. Unites States, 167 F.3d 1142, 1144-1146 (7th Cir. 1999).

Mr. Torres's petition presents none of the sorts of claims as to which a waiver may be disregarded. He contends that he pleaded guilty to the 924(c) offense only because he didn't realize that he wasn't guilty of using the firearms "in furtherance of" a drug trafficking offense. That lack of realization, he says,

2

flowed from his counsel's ineffectiveness in explaining the nature of the charge to him, and the court's failure to establish a factual basis for the guilty plea. He also says he was misled by the prosecutor's statements during a hearing on his motion to withdraw his guilty plea. Mr. Torres also claims that he received ineffective assistance of counsel on appeal when his attorney advised him to dismiss the appeal for want of any significant issues for appeal.

None of these arguments cast any question upon Mr. Torres's waiver of his right to petition the court under § 2255, so none affect the validity of that waiver. Mr. Torres also argues that his waiver of the right to appeal is unenforceable because it was entered when courts were sentencing under a mandatory guideline regime later found unconstitutional, United States v. Booker, 125 S. Ct. 738 (2005), but Booker doesn't affect otherwise enforceable waivers of appeal and post-conviction relief. United States v. Bownes, 405 F.3d 634 (7th Cir. 2005).

Because of Mr. Torres's waiver of his rights under § 2255, it plainly appears from the record that Mr. Torres is not entitled to relief under these petitions. Accordingly, the court DISMISSES the motions in both cause numbers 3:05cv711 and 3:05cv712. *See* Rule 4(b), Rules Governing § 2255 Proceedings.

SO ORDERED.

ENTERED: November 29, 2005

   /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

3